UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>PASSPORT AUTOMOTIVE GROUP, INC., a corporation,<br><br>PASSPORT MOTORCARS, INC., a corporation, also d/b/a as PASSPORT NISSAN OF MARLOW HEIGHTS, also d/b/a as PASSPORT NISSAN OF VIRGINIA, also d/b/a as PASSPORT INFINITI OF ALEXANDRIA,<br><br>IMPORT MOTORCARS, INC., a corporation, also d/b/a PASSPORT MAZDA,<br><br>AUTOS INTERNATIONAL, INC., a corporation, also d/b/a PASSPORT INFINITI OF SUITLAND,<br><br>PASSPORT IMPORTS, INC., a corporation, also d/b/a PASSPORT TOYOTA,<br><br>PASSPORT MOTORS HOLDING, INC., a corporation, also d/b/a PASSPORT MINI OF MONTGOMERY COUNTY,<br><br>PASSPORT OF ALEXANDRIA, INC., a corporation, also d/b/a PASSPORT MINI OF ALEXANDRIA,<br><br>INTERNATIONAL MOTORCARS, INC., a corporation, also d/b/a PASSPORT BMW, | Case No. TDC-22-2670<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

EVERETT HELLMUTH, III, individually and as an owner of PASSPORT AUTOMOTIVE GROUP, INC., PASSPORT MOTORCARS, INC., IMPORT MOTORCARS, INC., AUTOS INTERNATIONAL, INC., PASSPORT IMPORTS, INC., PASSPORT MOTORS HOLDING, INC., PASSPORT OF ALEXANDRIA, INC., and INTERNATIONAL MOTORCARS, INC., and

JAY KLEIN, individually and as an officer of PASSPORT MOTORCARS, INC., IMPORT MOTORCARS, INC., AUTOS INTERNATIONAL, INC., PASSPORT IMPORTS, INC., PASSPORT MOTORS HOLDING, INC., PASSPORT OF ALEXANDRIA, INC., and INTERNATIONAL MOTORCARS, INC.

Defendants.

Plaintiff the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint"), for a permanent injunction and other relief in this matter, pursuant to Sections 5(a), 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 57b, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f. The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Equal Credit Opportunity Act ("ECOA") and its implementing Regulation B, 12 C.F.R. § 202, in the advertising, sales, and financing of motor vehicles.

3.    Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.   Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.    Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.    Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.    **"Buy rate"** means the lowest interest rate at which any assignee will purchase the contract.

B.    **"Clearly and conspicuously"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.     In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.   In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.     A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.     An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.     In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.     The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.     The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.     The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

1.      **"Corporate Defendants"** means Passport Automotive Group, Inc.; Passport Motorcars, Inc., also d/b/a Passport Nissan of Marlow Heights, also d/b/a Passport Nissan of Virginia, also d/b/a Passport Infiniti of Alexandria; Import Motorcars, Inc., also d/b/a Passport Mazda; Autos International, Inc., also d/b/a Passport Infiniti of Suitland; Passport Imports, Inc., also d/b/a Passport Toyota; International Motor Cars, Inc., also d/b/a Passport BMW; Passport Motors Holding, Inc., also d/b/a Passport MINI of Montgomery County; Passport of Alexandria, Inc., also d/b/a Passport MINI of Alexandria; and their successors and assigns.

2.      **"Individual Defendants"** means Everett A. Hellmuth, III and Jay Klein.

D.      **"Express, Informed Consent"** means an affirmative act communicating unambiguous assent to be charged, made after receiving and in close proximity to a Clear and Conspicuous disclosure, orally and in writing, of the following:

1.      what the charge is for; and

2.      the amount of the charge(s), including if the charge is for a product or service: all fees and costs to be charged to the consumer over the period of repayment with and without the product or service.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or financing, or sale and financing of vehicles are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.      the costs or terms of purchasing, financing, or leasing a vehicle;

B.      the availability of vehicles at an advertised price;

C.      whether charges, products, or services are optional or required;

D.      whether charges, products, or services are authorized by consumers; and

E.      any material fact, including all material restrictions, limitations, or conditions applicable to the purchase, receipt, or use of any product or service for which a charge is incurred.

### II. PROHIBITION AGAINST UNLAWFUL CREDIT DISCRIMINATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.      discriminating against any credit applicant:

      1.      on the basis of race, color, religion, national origin, sex or marital status, or

age (provided the applicant has the capacity to contract);

2.      because all or part of the applicant's income derives from any public assistance program; or

3.      because the applicant has in good faith exercised any right under the Consumer Credit Protection Act, §§ 1601-1693r, a copy of which is attached; or

B.      failing to comply with the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f, and Regulation B, 12 C.F.R. § 202 ("ECOA"), a copy of which is attached.

## III. FAIR LENDING PROGRAM

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, shall not participate in the extension, renewal, or continuation of credit unless they establish and implement, and thereafter maintain, a fair lending program ("Fair Lending Program") that safeguards against discrimination against credit applicants on a basis prohibited by this Order or by law.   To satisfy this requirement, Defendants must, at a minimum:

A.      Designate a finance director and/or senior finance manager qualified in fair lending compliance as the fair lending compliance officer responsible for the Fair Lending Program;

B.      Ensure all employees, before engaging in the extension, renewal, or continuation of credit, and at least once every twelve (12) months, receive training from an independent qualified person or organization on the Fair Lending Program, the requirements of the

ECOA, and Defendants' obligations under the ECOA, and sign an acknowledgement that states that the employee: (1) completed the training, (2) had the opportunity to have questions about his or her legal responsibilities answered, and (3) understands his or her legal responsibilities not to discriminate under the federal fair lending laws;

C.      Implement and maintain written guidelines specifying the reasons for assessing or not assessing any fee or other charge and each factor Defendants may consider in calculating any such charge, each of which must be objective and none of which can be discriminatory;

D.      At each of Defendants' dealership locations:

   1.      Offer a subvented retail installment sales contract to each consumer who is eligible; and

   2.      On an annual basis, choose to and thereafter either:

      a.      Charge an interest rate not greater than the Buy Rate on all retail installment sales contracts; or

      b.      Charge the same number of basis points (not to exceed 100) above the Buy Rate on all non-subvented retail installment sales contracts;

E.      Promptly terminate employees engaged in discriminatory conduct or conduct that violates the Fair Lending Program or any term of Sections I through III and V of this Order; and

F.      For 20 years after entry of this Order, within 14 days of receiving, whether directly or indirectly, such as through a third party, a complaint of discrimination relating to a

motor vehicle transaction against Defendants or any of Defendants' officers, agents, or employees, submit a copy, along with any response, to the Commission pursuant to the Section titled "Compliance Reporting."

*Provided, however*, that nothing in this Order shall be construed as permitting any conduct that overtly, in treatment, or in effect discriminates against consumers on the basis of race, color, national origin, or any other protected characteristic or violates the ECOA or any other law.

## IV. OBTAINING EXPRESS INFORMED CONSENT FOR ALL CHARGES

IT IS FURTHER ORDERED THAT Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale or lease of motor vehicles, are permanently restrained and enjoined from charging a consumer without having obtained the consumer's Express, Informed Consent.

## V.  MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Three Million, Three Hundred Eighty Thousand Dollars ($3,380,000) is entered in favor of the Commission against Defendants, jointly and severally, as monetary relief.

B.      Defendants are ordered to pay to the Commission Three Million, Three Hundred Eighty Thousand Dollars ($3,380,000), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission.   Such

payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

D.  Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

E.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

F.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

H.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

I.  All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission

Page 10 of 18

may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

## VII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.    Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must

deliver a copy of this Order to:   (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in the advertising, marketing, promotion, offering for sale or financing, or sale and financing of vehicles; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must:   (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the

Page 12 of 18

activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that

engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Passport Motorcars, Inc.

## IX. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.    accounting records showing the revenues from all goods or services sold;

B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:   name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response.   For purposes of this provision, consumer complaint(s) shall mean any written, oral, or electronic allegation, charge, claim, demand, dispute, or lawsuit concerning the subject matter of the Order;

D.    a copy of each unique advertisement or other marketing material;

E.    each employee's Fair Lending Training Acknowledgement Form; and

F.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## X. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A.    Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must:   submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.   The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.   Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.   The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes

of construction, modification, and enforcement of this Order.

SO ORDERED this **21**ˢᵗ day of _____ **October** _____, 2022.

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

*Samuel Jacobson*
_____
Samuel Jacobson
Larkin Turner
Attorneys
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, DC 20580
Tel: 202-876-5590 (Jacobson)
Fax: 202-326-3768
Email: sjacobson@ftc.gov

**FOR DEFENDANTS:**

Date: 9/19/22

Allen H. Denson, Esq.
Stephen J. Newman, Esq.
Stroock & Stroock & Lavan LLP
1875 K Street NW, Suite 800
Washington, DC 20006
Tel: 202-739-2805
Email: adenson@stroock.com

**DEFENDANTS:** Passport Automotive Group, Inc., Passport Motorcars, Inc., Import Motorcars, Inc., Autos International, Inc., Passport Imports, Inc., Passport Motors Holding, Inc., Passport of Alexandria, Inc., International Motorcars, Inc., Everett Hellmuth, III and Jay Klein

Date: 9/19/2022

EVERETT HELLMUTH, III INDIVIDUALLY
AND AS AN OFFICER OF
PASSPORT AUTOMOTIVE GROUP, INC.,
PASSPORT MOTORCARS, INC.,
IMPORT MOTORCARS, INC.,
AUTOS INTERNATIONAL, INC.,
PASSPORT IMPORTS, INC.,
PASSPORT MOTORS HOLDING, INC.,
PASSPORT OF ALEXANDRIA, INC.,
INTERNATIONAL MOTORCARS, INC.

Date: 9/19/2022

JAY KLEIN INDIVIDUALLY
AND AS AN OFFICER OF
PASSPORT AUTOMOTIVE GROUP, INC.,
PASSPORT MOTORCARS, INC.,
IMPORT MOTORCARS, INC.,
AUTOS INTERNATIONAL, INC.,
PASSPORT IMPORTS, INC.,
PASSPORT MOTORS HOLDING, INC.,
PASSPORT OF ALEXANDRIA, INC.,
INTERNATIONAL MOTORCARS, INC.